### JOHN A. BOGIE *v.* M. B. MOORE, ETC.

**Executions—Levy and Sale—Quashal of Levy and Sale—Return on Execution Should Be Quashed.**

Where the levy of an execution on land and the sale thereunder has been quashed, the sheriff's return on the execution should be quashed also.

### APPEAL FROM BATH CIRCUIT COURT.

February 4, 1873.

OPINION BY JUDGE LINDSAY:

The writing executed and delivered to the sheriff by M. B. Moore on the 30th of September, 1871, authorized the levy subsequently made on fifty acres of land therein described, and the fact that other lands as well as personal property were also seized under the execution does not render the levy on the land invalid. Nor can Moore or those representing him be heard to say that because he was not invested with the legal title when the levy was made that it shall therefore be set aside. *Gohegan v. Ditto,* 2d Met. 437.

Baird, the purchaser, does not appeal from the judgment quashing the levy, and sale. Nor does Bogie make him a party to the appeal at all, as the purchaser does not complain at being deprived of the benefit of his purchase.

We are not inclined in view of the irregular action of the sheriff to disturb the judgment quashing the sale, but as to the levy the judgment is certainly prejudicial to the substantial rights of Bogie.

As the case now stands, the levy and sale are quashed, and Baird is thereby released from the payment of his bond, whilst the sheriff's return, showing the satisfaction of Bogie's execution, remains undisturbed.

The judgment quashing the levy is reversed and the cause remanded, with instructions to overrule appellees' motion to the extent indicated, and also to set aside so much of the sheriff's return, as gives Moore credit by the amount for which the land sold.

The parties will thereby be remanded to the position occupied by each of them before the sale, and Bogie will have the right to proceed to enforce his levy.

*J. S. Hurt, for appellant.*

*Apperson & Reid, for appellees.*